# Nixon's Estate.

*Trusts and trustees—Resignation of trustee—Accounting.*

1. A trustee may relieve himself from the liabilities arising from a trust relation by submitting the administration of the trust to the jurisdiction of the court.

2. Where an elderly trustee has acted as trustee for over twenty years, has filed an account, which has been duly audited, and the fund awarded to his two co-trustees, who are competent persons, such trustee has a right to withdraw from the trust, and his withdrawal cannot be objected to by certain of the cestuis que trustent on the ground that the withdrawing trustee is the president of a corporation whose stock is owned largely by the trust estate and by the trustee, that the trustee has the right to purchase the stock of the estate, and that there are pending for the consideration of the stockholders propositions either to liquidate the company or to sell all of its stock, or to sell most of its property.

Argued Jan. 15, 1912. Appeal No. 275, Jan. T., 1911, by William H. Nixon, from decree of O. C. Phila. Co., July T., 1889, No. 127, dismissing petition for discharge of trustee in Estate of Martin Nixon, deceased. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Reversed.

Petition for discharge as trustee.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the decree dismissing the petition.

*Theodore F. Jenkins,* for appellant.—Every trustee may relieve himself from the liabilities of the office by submitting the administration of the trusts to the jurisdiction of the court: Gardiner v. Downes, 22 Beav. 395; Farshaw v. Higginson, 20 Beav. 485; Greble's Estate, 9 Pa. D. R. 89; Malone's Estate, 9 Pa. D. R. 115; Morrow's Estate, 15 W. N. C. 240; Gartside v. Gartside, 113 Mo. 348; Nathan's Estate, 191 Pa. 404.

*E. B. Martin,* of *McCully & Hawkes,* for appellees, cited: Union Banking Co.'s Assigned Estate, 12 Phila. 214; Longstreth's Estate, 12 Phila. 86; Myers v. Loveland, 10 Kulp 457; Wimmer's App., 1 Whart. (Pa.) 96; Jones v. Stockett, 2 Bland (Md.) 409; Hanson v. Worthington, 12 Md. 418; Tilden v. Fiske, 4 Dem. Surr (N. Y.) 357.

OPINION BY MR. JUSTICE ELKIN, February 12, 1912:

By his will executed February 14, A. D. 1880, Martin Nixon, now deceased, appointed William H. Nixon, appellant here, one of his three executors. The testator died in 1888 and his estate was duly administered. The account of the executors filed in 1889 was confirmed absolutely and the balance shown to be in their hands was awarded to them as trustees under the will. From that time to the present the trust estate has been controlled and managed either by the original trustees or by their successors duly appointed. Appellant has served continuously in the trust relation from the time the estate was awarded to the trustees until the present. In 1911 the trustees filed their account with notice to

the parties in interest that upon its confirmation appellant would apply for his discharge as trustee. The account was audited and the balance awarded to the two co-trustees of appellant to hold under the trusts of the will. In accordance with his notice of withdrawal appellant then filed his petition asking for a discharge. The co-trustees and all of the parties in interest except the two appellees, by consents in writing, filed of record, agreed to the discharge. Appellees object to the discharge on the ground that the business of the testator's paper company has reached a critical period in that there are three propositions pending concerning it; one to liquidate, another to sell most of the property, still another to sell all the stock; and that appellant is president of the company, executor and trustee of the estate, private owner of stock, and trustee of stock belonging to the estate, which he has the privilege of voting and buying, but which he does not yet own. For these reasons it is earnestly contended he should not be discharged. The learned court below took this view of the situation and in refusing to discharge him, entered the following decree: "The petition is dismissed, with leave to the petitioner to renew his application when the present negotiations have been concluded, or, if they fail, within a reasonable time." The reason given for refusing to discharge the trustee was that the proper time had not arrived for him to retire. We cannot accept this view of the situation. Almost every objection made to his discharge is a reason why he should be discharged. If appellees were in court asking for his removal upon the grounds now insisted upon as reasons for preventing his discharge, they would in all probability prevail. His duties as a trustee and his interests as an individual may be at variance, indeed this is the inference to be drawn from the facts averred in the supplemental answer, and if so, it would seem to be to the common interest of all parties to have the trust relation terminated. The remaining

trustees can then act solely and alone for the best interests of the trust estate without any complication in the performance of their duties by reason of being affiliated in its management with one having an adverse interest. But aside from all such considerations, appellant is clearly within his legal rights in asking for a discharge, and no sufficient reason has been given to warrant a refusal of his request. The general rule is that a trustee may relieve himself from the liabilities arising from a trust relation by submitting the administration of the trust to the jurisdiction of the court. In our State the right of a trustee to be discharged is recognized by statutes which provide the method of procedure. Appellant has complied with the statutory requirements and has done everything that the law requires to be done antecedently to the asking of a discharge. There may be, and no doubt there are, cases in which a court would be justified in refusing a discharge, as where there has not been an accounting, or where the trustee on account of benefits accruing to himself had undertaken to do certain things, or for other sufficient reasons, the time had not arrived for the termination of the trust relation. But we see nothing of this character in the present case.

There is nothing in this record to indicate that the remaining trustees are not fully competent to manage the trust estate, or that they are unwilling to do so. The trust estate will be as safe in their hands as it was in the hands of those who preceded them in its management. The argument that the cestuis que trustent will lose some advantage if the trustee be discharged is without merit. The discharge will in no way affect other proceedings said to be pending in which the attempt is being made to inquire into former adjudications relating to the trust estate. Whatever legal rights the parties have in those proceedings may be asserted without reference to what is done in the case at bar. Upon the record here presented appellant is

entitled to his discharge as trustee and this is all we decide.

Decree reversed, petition reinstated, and record remitted for the purpose of having a decree entered in accordance with the views herein expressed. Costs of this appeal to be paid by appellees.